IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KERMIT GABEL,

     Plaintiff,

     vs.

STUART HUDSON, *et al.*,

     Defendants.

Civil Action 2:14-cv-1057
Judge Smith
Magistrate Judge King

### REPORT AND RECOMMENDATION

Plaintiff, a state inmate proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983, claiming that he has been denied medical or dental care in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.  This matter is before the Court on *Defendants' Motion to Vacate Order Granting Plaintiff's Motion for Leave to Proceed In Formal Pauperis (Doc. 5)*, ECF 10 ("*Motion to Vacate*").  For the reasons that follow, it is **RECOMMENDED** that the *Motion to Vacate* be granted and that plaintiff be required to pay the remaining $50.00 of the full $400.00 filing fee within fourteen (14) days.

Plaintiff instituted this action after the Court granted him leave to proceed *in forma pauperis* on August 18, 2014.  *Order*, ECF 5.[1]

---

[1] The Court notes that, in the application for leave to proceed *in forma pauperis*, plaintiff identified one case, *Gabel v. Bunting*, 3:11-cv-2404, in response to the question:  "Have you on three or more prior occasions, while incarcerated or detained in any prison, jail or other facility, brought an action in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?"  *Application and Affidavit by Incarcerated Person to Proceed Without Prepayment of Fees*, ECF 4, PAGEID#:18.

Defendants now move to vacate that *Order*, arguing that plaintiff has

filed numerous lawsuits in federal court over multiple years and

contending that "at least three" of those actions or appeals "were

dismissed as frivolous or for failure to state a claim upon which

relief may be granted." *Motion to Vacate*, pp. 3-4.  Defendants

therefore argue that the "three strikes" provision of the Prison

Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), requires that

leave to proceed *in forma pauperis* be revoked and that plaintiff be

required to pay the full $400.00 filing fee.  *Id*. at 3-5.  Plaintiff

opposes the *Motion to Vacate*, *see* ECF 13, and this matter is ripe for

resolution with the filing of defendants' reply memorandum, ECF 15.

"The ability to bring lawsuits without payment of the statutory

filing fee is a privilege, not a right." *Jackson v. Bell*, No. 1:10-

cv-1255, 2010 WL 5343747, at *2 (W.D. Mich. Dec. 21, 2010).  The

provision of the PLRA that governs *in forma pauperis* status, *i.e.*, the

"three strikes" provision, states:

> In no event shall a prisoner bring a civil action or appeal
> a judgment in a civil action or proceeding under this
> section if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).  *See also Wilson v. Yaklich*, 148 F.3d 596, 602,

604 (6th Cir. 1998) (noting that the PLRA was signed into law in 1996

and stating that Congress enacted the "three strikes" provision "[i]n

an effort to lessen the crush of such [frivolous prisoner] filings on

the courts").  The "three strikes" provision applies even to cases
that were dismissed prior to the effective date of the PLRA.  *See*,
*e.g.*, *Wilson*, 148 F.3d at 604 ("[W]e thus hold that dismissals of
previous actions entered prior to the effective date of the PLRA may
be counted toward the 'three strikes' referred to in 28 U.S.C. §
1915(g)").  In addition, "[t]he plain language [of Section 1915(g)]
seemingly limits the application of a strike to dismissals by only
speaking of dismissals."  *Taylor v. First Med. Mgmt.*, No. 10-6411, 508
F. App'x 488, at *494 (6th Cir. Dec. 14, 2012).  Therefore, the
affirmance on appeal of a trial court's dismissal of a case does not
alone count as a "strike;" instead, the dismissal of an appeal as
frivolous, malicious or for failure to state a claim upon which relief
may be granted properly counts as a "strike."  *Id*. ("The other
circuits presented with the question of whether an affirmance can
count as a strike have held that a court should not impose a § 1915(g)
strike for an appeal when the original appellate court declined to
implicate § 1915(g) reasons.").  Finally, if the privilege of
proceeding *in forma pauperis* is abused, a court may revoke this
status.  *See*, *e.g.*, *In re McDonald*, 489 U.S. 180, 184 (1989); *Reneer
v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992).

     In the case presently before the Court, defendants argue that
plaintiff has at least three "strikes" because two cases filed by him
in other district courts were dismissed for failure to state a claim
upon which relief can be granted and one of those decisions was
affirmed in an appeal that was itself characterized as frivolous.

*Motion to Vacate*, pp. 3-5 (citing *Affidavit of Linda Hill*, ¶¶ 6(A), 6(B), 6(E), attached to *Motion to Vacate* ("*Hill Affidavit*"); *Attachments 2*, *3* and *6*, to the *Hill Affidavit*).  More specifically, defendants first cite to *Gabel v. Estelle*, No. H-81-3125, 677 F. Supp. 514 (S.D. Tex. Mar. 23, 1987) (Hughes, J.), in which that court dismissed the action with prejudice for failure to state a claim upon which relief can be granted.  *See Hill Affidavit*, ¶ 6(A); *Attachment 2*, PAGEID#:44.  On appeal, the United States Court of Appeals for the Fifth Circuit in *Gabel v. Lynbaugh*, No. 872353, 835 F.2d 124 (5th Cir. Jan. 8, 1988) "agree[d] with the trial court's conclusion [in *Gabel v. Estelle*] that the action is frivolous and subject to dismissal pursuant to 28 U.S.C. § 1915(d)."  *Hill Affidavit*, ¶ 6(B); *Attachment 3*, PAGID#:45.  The Fifth Circuit further concluded that "the briefing of this meritless and frivolous appeal renders the pro se appellants subject to [] sanctions" and that "[w]e do not sit as a means by which the system can be punished – or to be punished ourselves – by the pursuit of frivolous or malicious appeals by disgruntled state prisoners."  *Attachment 3*, PAGEID#:45.  *See also id.* at PAGEID#:46 (requiring each appellant to pay monetary sanctions to appellees in the form of $10.00 for court costs incurred in the action).  Finally, defendants contend that *Gabel v. Bunting*, No. 3:11-cv-2404, *Order*, ECF 5 (N.D. Ohio Jan. 5, 2012) (Carr, J.), counts as a third strike because the District Court in that case dismissed the action pursuant to 28 U.S.C. § 1915(e) and certified pursuant to 28 U.S.C. § 1915(a)(3) that an appeal could not be taken in good faith.  *Hill*

4

*Affidavit*, ¶ 6(E); *Attachment 6*, PAGEID#:53.

 Plaintiff concedes that *Gabel v. Bunting*, No. 3:11-cv-2404, *Order*, ECF 5 (N.D. Ohio Jan. 5, 2012) (Carr, J.), counts as a strike. ECF 13, pp. 2-3.  However, plaintiff contends, *inter alia*, that the other decisions, namely, *Gabel v. Estelle*, No. H-81-3125, 677 F. Supp. 514 (S.D. Tex. Mar. 23, 1987) (Hughes, J.), *aff'd Gabel v. Lynbaugh*, No. 872353, 835 F.2d 124 (5th Cir. Jan. 8, 1988), do not count as strikes because those cases were decided prior to the enactment of the PLRA.  ECF 13, p. 2.  Plaintiff's argument is not well-taken.  As discussed *supra*, it is well-established that the "three strikes" provision applies to cases that were dismissed prior to the effective date of the PLRA.  *Wilson*, 148 F.3d at 604.  As set forth above, *Gabel v. Estelle*, No. H-81-3125, 677 F. Supp. 514 (S.D. Tex. Mar. 23, 1987) (Hughes, J.), *aff'd Gabel v. Lynbaugh*, No. 872353, 835 F.2d 124 (5th Cir. Jan. 8, 1988), count as plaintiff's second and third strikes under 28 U.S.C. § 1915(g) because the actions were dismissed as frivolous.

 Plaintiff also contends that defendants waived their right to assert the "three strikes" argument because they did not raise it in *Gabel v. Hudson*, No. 2:12-cv-597 (S.D. Ohio).  ECF 13, PAGEID#:100, PAGID#:102 (contending that the present action is "essentially a continuation of case #2:12-CV-597").  This Court again disagrees.  The "three strikes" provision is not an affirmative defense that must be raised by a defendant; a court may *sua sponte* dismiss an action pursuant to 28 U.S.C. § 1915(g) once the court becomes aware of the

facts.  *See*, *e.g.*, *Witzke v. Hiller*, 966 F. Supp. 538, 539-40 (E.D.

Mich. 1997)(*sua sponte* dismissing action under 28 U.S.C. § 1915(g));

*Bowker v. United States*, 4:04 CV 2522, 2006 WL 2990519, at *3 (N.D.

Ohio Oct. 18, 2006) ("This 'three strikes' provision of the [PLRA] is

not an affirmative defense.  It may be raised by a federal court *sua*

*sponte*.") (internal citation omitted).  *See also Harris v. City of New*

*York*, 607 F.3d 18, 23 (2d Cir. 2010) ("[T]he three strikes rule is not

an affirmative defense that must be raised in the pleadings.  Other

courts have reached the conclusion that district courts may apply the

three strikes rule *sua sponte*.").

This Court finds that plaintiff has brought, on three or more

prior occasions, while incarcerated, an action that was dismissed on

the ground that it failed to state a claim upon which relief may be

granted or was frivolous.  Therefore, at the time that plaintiff

sought leave to proceed *in forma pauperis* in this action, he had three

"strikes", as defined by the PLRA, against him.  Because the

*Complaint*, ECF 1, alleges nothing that would fall within the "imminent

danger of serious physical injury" exception to the "three strikes"

provision, 28 U.S.C. § 1915(g), the Court concludes that the PLRA

prohibits the grant of *in forma pauperis* status to plaintiff in this

action.[2]

**WHEREUPON**, it is **RECOMMENDED** that *Defendants' Motion to Vacate*

*Order Granting Plaintiff's Motion for Leave to Proceed In Formal*

*Pauperis (Doc. 5)*, ECF 10, be **GRANTED** and that plaintiff be ordered to

---

[2] Having so concluded, the Court does not address the other actions filed by
plaintiff, including habeas cases, discussed by the parties.

pay, within fourteen (14) days, the full $400.00 filing fee.[3]

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


December 16, 2014                      *s/Norah McCann King*
                                       Norah MᶜCann King
                                       United States Magistrate Judge

---

[3] As noted *supra*, the docket reflects partial filing fee payments in the amount of $4.00 on September 22, 2014, and in the amount of $346.00 on November 18, 2014, leaving $50.00 unpaid.  *Cf. Bussie v. House Oversight Comm.*, No. 1:14cv32, 2014 U.S. Dist. LEXIS 35984 (S.D. Ohio Mar. 19, 2014).