IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KERMIT GABEL,

      Plaintiff,

      vs.

STUART HUDSON, *et al.*,

      Defendants.

Civil Action 2:14-cv-1057
Judge Watson
Magistrate Judge King

<u>OPINION AND ORDER</u>

Plaintiff, formerly a state inmate[1] proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983, claiming that he was denied medical or dental care in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution while incarcerated at the Marion Correctional Institution ("MCI"). This matter is now before the Court on plaintiff's *Motion to Compel Discovery*, ECF 46 ("*First Motion to Compel*") and plaintiff's *Motion to Compel Discovery Request Mailed 7/22/15*, ECF 53 ("*Second Motion to Compel*") (collectively, "motions to compel"). Defendants oppose the motions to compel. *See* ECF 47 ("*Defendants' First Response*"); ECF 57 ("*Defendants' Second Response*"). No reply memorandum has been filed in support of the motions to compel.

Plaintiff's motions to compel seek the same relief, namely, an order compelling production of certain documents as well as

---

[1] Since the institution of the action, plaintiff has been released from state custody. ECF 25, 26.

1

supplemental answers to interrogatories. *See generally First Motion to Compel; Second Motion to Compel*. As to the requested documents, plaintiff represents that, on "June 3, 2015 plaintiff mailed defense counsel a letter advising her where copies of his dental files could be found in the OAG's office" and that he specifically requested the production of "records covering medical issues that occurred on" particular dates ("plaintiff's letter"). *First Motion to Compel*, p. 2; *Second Motion to Compel*, p. 1 ("Plaintiff on June 3, 2015 requested a copy of his complete dental record when he paid for said copies."). Plaintiff complains that defendants have "failed to produce one single paper under discovery." *First Motion to Compel*, p. 2.

Defendants oppose the *First Motion to Compel* on a number of bases. First, defendants argue that plaintiff failed to comply with Fed. R. Civ. P. 37(a) and S.D. Ohio Civ. R. 37.1 because he failed to attach a certification that he had conferred in good faith or had attempted to confer with defendants and because he failed to exhaust all extrajudicial efforts for resolving the dispute before he filed the *First Motion to Compel*. *Defendants' First Response*, pp. 1-2; *Defendants' Second Response*, pp. 2-3. Next, defendants contend that they never received plaintiff's letter and, even if they had, they are under no obligation to respond to informal discovery requests. *Defendants' First Response*, pp. 1-2; *Defendants' Second Response*, pp. 3-5. Defendants' arguments are well-taken.

Rule 37 of the Federal Rules of Civil Procedure authorizes the filing of a motion to compel discovery when a party "fails to respond

that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).  This motion must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).  In the case presently before the Court, plaintiff has failed to attach the required certificate and defendants' counsel represents that plaintiff failed to follow up with defense counsel about a response to plaintiff's letter before filing the motions to compel.  *See Defendants' First Response*, p. 3; *Defendants' Second Response*, pp. 2-3.

Plaintiff questions why he "should be required to exert extra judicial means in discovery where the court's scheduling order is enough to force discovery compliance[.]" *Second Motion to Compel*, p. 2.  However, *pro se* litigants must also comply with the Federal Rules of Civil Procedure.  *See*, *e.g.*, *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Frame v. Superior Fireplace*, No. 03-5233, 74 F.App'x 601, at *603 (6th Cir. Sept. 10, 2003) ("[T]hose who proceed without counsel must still comply with the procedural rules that govern civil cases.").  Plaintiff has not complied with the mandatory prerequisites to the filing of a motion to compel.  For this reason alone, the motions to compel must be denied.

In any event, plaintiff's request to compel the production of

3

documents sought in plaintiff's letter is nevertheless not well-taken. As noted *supra*, defendants represent that they did not receive plaintiff's letter requesting the production of documents, and that the first that they learned of the letter was in the *Motion to Compel*. *See Defendants' First Response*, p. 3; *Defendants' Second Response*, p. 3. Although plaintiff states that he "mailed courtesy copies of his discovery requests to the clerk as proof to the clerk[,]" *Second Motion to Compel*, p. 1, it is not clear that these "discovery requests" included the letter purportedly sent to defense counsel on June 3, 2015. In any event, discovery requests and responses may not be filed with the Court "until they are used in the proceeding or the court orders" the filing of the discovery requests or responses. *See* Fed. R. Civ. P. 5(d)(1). *See also Order*, ECF 44 (striking plaintiff's discovery requests). In short, nothing in the record establishes that defense counsel ever received a copy of plaintiff's letter purportedly mailed on June 3, 2015. The Court cannot compel defendants to respond to a request that they never received.

Plaintiff's request to compel supplemental answers to his interrogatories is likewise unavailing. Again, plaintiff failed to include the required certification. Moreover, the *First Motion to Compel* is deficient on the merits. Rule 37 of the Federal Rules of Civil Procedure authorizes the filing of a motion to compel discovery when a party either fails to answer an interrogatory or submits "an evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(3)(B)(iii), (4). Plaintiff does not argue that defendants

4

failed to answer his interrogatories, *see First Motion to Compel*, pp. 2-3; he complains that defendants included seventeen (17) "boilerplate" objections. *Id*. However, it is impossible for the Court to analyze the sufficiency of defendants' answers and objections because plaintiff has not provided the interrogatories, defendants' answers, or defendants' objections. *Cf*. S.D. Ohio Civ. R. 37.2 ("Only those specific portions of the discovery documents reasonably necessary to a resolution of the motion shall be included as an attachment.").

**WHEREUPON**, plaintiff's motions to compel, ECF 46 and ECF 53, are **DENIED**.

The parties are **REMINDED** that the discovery completion date remains November 1, 2015 and that dispositive motions must be filed, if at all, no later than December 15, 2015. *Preliminary Pretrial Order*, ECF 39, pp. 2-3.


October 27, 2015                    *s/Norah McCann King*
                                    Norah M<sup>c</sup>Cann King
                                    United States Magistrate Judge

5