**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KERMIT GABEL,**

    **Plaintiff,**

  **vs.**

**STUART HUDSON,** *et al.***,**

    **Defendants.**

                                                              Civil Action 2:14-cv-1057
                                                               Judge Watson
                                                               Magistrate Judge King

**REPORT AND RECOMMENDATION**

    Plaintiff, formerly a state inmate proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983, claiming that he was denied medical and dental care in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution while incarcerated at the Marion Correctional Institution ("MCI"). This matter is now before the Court on defendants' *Motion for Summary Judgment*, ECF No. 62. Plaintiff has filed a memorandum in opposition to the motion, *Response to Defendants*['] *Motion for Summary Judgment*, ECF No. 73, and defendants have filed a reply in support of their motion, *Defendants' Reply in Support of Their Motion for Summary Judgment (Doc. 62)*, ECF No. 74.

    For the reasons that follow, it is recommended that the *Motion for Summary Judgment*, ECF No. 62, be granted.[1]

---

[1] In opposing the *Motion for Summary Judgment*, plaintiff complains that he has been denied discovery and represents that he intends to file "a future motion to compel." *Response to Defendants*['] *Motion for Summary Judgment*, PAGEID# 369. However, the discovery completion period ended on November 1, 2015, and any motion to compel should have been filed prior to that date. *Preliminary Pretrial Order*, ECF No. 39, PAGEID# 172. The Court therefore regards the

**Background**

The *Complaint*, ECF No. 1, names as defendants Stuart Hudson, identified in the *Complaint* as the Chief of Bureau of Medical Services of the Ohio Department of Rehabilitation and Correction ("ODRC"), and Dr. Miles Finney, identified as a contract dentist at MCI. Plaintiff alleges that defendant Hudson was deliberately indifferent to pain resulting from plaintiff's "degenerative bone disease of spine and both hips," *id.* at ¶ 21, because of his "repeated refusal to allow spinal treatment at OSU pain clinic as was recommended by no less than fifteen medical professionals over a 5-6 year period . . . ." *Id.* at ¶ 12. According to plaintiff,

> Defendant Stuart Hudson's repeated refusal to allow OSU pain clinic spinal procedure has caused plaintiff to suffer excruciating pain every day for months on end since the effects of the last spinal treatment has worn off. Last treatment was given 2/18/11.

*Id.* at ¶ 14.

The *Complaint* also alleges that, on November 22, 2010, defendant Finney wanted to extract plaintiff's tooth when he should have replaced the filling that had fallen out of the tooth. *Id.* at ¶¶ 39-40.

> Plaintiff Gabel asked Dr. Finney why the filling could not be replaced? Defendant Finney replied "IF YOU WERE ON THE OUTSIDE IT COULD BE FILLED BUT HERE I'M REQUIRED TO EXTRACT

---

*Motion for Summary Judgment* as ripe for resolution.

>    IT.
>
>    *  *  *
>
>    Defendant Finney claims plaintiff has gum disease and "loose teeth[.]" This is his excuse for wanting to extract the tooth rather than refill the tooth. Dr. Finney made these decisions 11/22/10.
>
>    Now TWO AND A HALF YEARS LATER PLAINTIFF HAS BEEN GIVEN NO TYPE OF MEDICATION FOR TOOTH ACHE. PLAINTIFF HAS HAD NO TREATMENT FOR GUM DISEASE. DR. FINNEY'S DIAGNOSIS HAS BEEN THE ONLY DENTIST TO MAKE THESE DECISIONS. . . .

*Id.* at ¶¶ 41, 45-46 (as in original).

The *Complaint* names both defendants in their individual and personal capacities, *id.* at ¶ 7, and seeks "damages and injunctive relief. . . ." *Id.* at ¶ 5.[2]

**Standards**

1. Summary Judgment

The standard for summary judgment is well established. This standard is found in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part:

>    The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). In making this determination, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a

---

[2] Plaintiff's release from prison renders his claim for injunctive relief moot. *See Parks v. Reans*, 510 F.App'x 414, 415 (6th Cir. 2013).

verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson,* 477 U.S. at 251.

The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Catrett,* 477 U.S. at 323. Once the moving party has met its initial burden, the burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250 (quoting former Fed. R. Civ. P. 56(e)); *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1245 (6th Cir. 1995)("nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial"). "Once the burden of production has so shifted, the party opposing summary judgment cannot rest on the pleadings or merely reassert the previous allegations. It is not sufficient to 'simply show that there is some metaphysical doubt as to the material facts.'" *Glover v. Speedway Super Am. LLC,* 284 F.Supp.2d 858, 862 (S.D. Ohio 2003)(citing

4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Instead, the non-moving party must support the assertion that a fact is genuinely disputed. Fed. R. Civ. P. 56(c)(1).

    2. <u>Medical Care in the Prison Context</u>

The Eighth and Fourteenth Amendments to the United States Constitution proscribe "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Constitution does not, however, prohibit medical malpractice within the prison context. *Id.; Webster v. Jones*, 554 F.2d 1285, 1286 (4th Cir. 1977); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1081 (3d Cir. 1976). Of course, a dispute over the course of medical treatment is likewise not actionable under §1983. *Young v. Gray*, 560 F.2d 201 (5th Cir. 1977). On the other hand, the needless suffering of pain when relief is readily available gives rise to a cause of action against those whose deliberate indifference caused the inmate's unnecessary pain. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976).

There are two parts to a claim of denial of medical care, one objective, one subjective. *Flanory v. Bonn,* 604 F.3d 249, 253 (6th Cir. 2010) citing *Farmer v. Brennan,* 511 U.S. 825, 833 (1994). In order to satisfy the objective component, the inmate must demonstrate the existence of a sufficiently serious medical need; for the subjective component, the inmate must demonstrate that the defendant possessed a sufficiently culpable state of mind in denying medical care. *Id.*, at 253 - 54. "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the

5

official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). The requisite state of mind "entails something more than mere negligence" but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835.

**Defendant Hudson**

As noted *supra*, plaintiff alleges that he suffered pain resulting from his "degenerative bone disease of spine and both hips," *Complaint*, ¶ 21. This Court concludes that this is a sufficiently serious medical need to satisfy the objective component of plaintiff's claim against defendant Hudson. However, the Court also concludes that plaintiff has not established the subjective component of his claim against this defendant.

Plaintiff alleges that defendant Hudson refused to permit treatment of plaintiff's spinal condition at a pain clinic, thereby causing plaintiff to experience "excruciating pain." *Complaint*, ¶ 14. Defendants have established that defendant Hudson was, at the relevant time, "Chief of the ODRC Office of Correctional Healthcare. Mr. Hudson oversees administrative functions and is not involved in any clinical decision making." *Affidavit of Andrew D. Eddy, M.D.,* ¶ 5, ECF No. 62-11.

> Former inmate Kermit Gabel. . . had been sent to the pain clinic at The Ohio State University Medical Center for an epidural steroid injection. . . treatment on February 18,

6

>   2011. A return visit scheduled for April 1, 2011 was cancelled on March 9, 2011 after Inmate Gabel's chart was reviewed by an advanced level provider at his institution and the advanced level providers at the ODRC Bureau of Medical Services . . . . Mr. Hudson is not an advanced level provider and was not involved in this decision.

*Id.* at ¶ 6. Plaintiff does not dispute these assertions. *See generally Response to Defendants['] Motion for Summary Judgment*. *See also Plaintiff's Affidavit*, attached to *Complaint*, PAGEID# 11. Based on this record, then, it cannot be said that defendant Hudson was deliberately indifferent to plaintiff's serious medical needs. Defendant Hudson is therefore entitled to summary judgment.

**Defendant Finney**

The *Complaint* alleges that, on November 22, 2010, defendant Finney wanted to extract plaintiff's tooth when he should have replaced the filling that had fallen out of the tooth. *Id.* at ¶¶ 39-40. In his affidavit attached to the *Complaint, Affidavit*, PAGEID# 7, plaintiff avers that, when asked why the filling could not be replaced, "Dr. Finney said 'If you were outside it could be filled, but here I am required to extract the tooth.'" *Id*. Plaintiff "suffered pain from toothache for months as a result of the [ODRC] sub-standard dental care." *Id.* Even assuming that plaintiff's *Affidavit* establishes an objectively serious need for dental treatment, the Court concludes that plaintiff has not established that defendant Finney was deliberately indifferent to that need.

Dr. Finney avers that he examined plaintiff only once, *i.e.,* on November 22, 2010, for a complaint of a "broken tooth," which

7

defendant Finney diagnosed as a "fractured lower lateral incisor" and which required, in his estimation, extraction. *Affidavit of Miles Finney, D.D.S.*, ¶¶ 4-5, ECF No. 62-10. *See also Treatment-Remarks*, ECF No. 62-8 (referring to "fractured #23). Plaintiff refused extraction and left. *Id.* at ¶ 6. Plaintiff did not complain of pain at that time. *Id.* at ¶ 4. Defendant Finney also states that the recommended extraction "was the appropriate course of treatment for Mr. Gabel's tooth and in accordance with ODRC policy and procedures." *Id.* at ¶ 8.

Plaintiff received dental treatment on a number of occasions after that date. *See Treatment-Remarks*, ECF No. 62-8. It was not until plaintiff was seen by a different dentist on April 1, 2011, that the record reflects a complaint of pain. *Id.* at PAGEID# 297. Although plaintiff expressed to that dentist his belief that it was tooth #23 (*i.e.*, the tooth addressed by defendant Finney) that was causing the pain, the examining dentist – who had also reviewed x-rays – noted, "#25 is non-restorable and will need to be extracted to relieve the pain the patient is experiencing."

In his response to the *Motion for Summary Judgment*, plaintiff appears to argue only that he experienced pain, as evidenced by the cancelled appointment at the pain clinic - which forms the basis of his claim against defendant Hudson, not defendant Finney. *Response to Defendants['] Motion for Summary Judgment*, PAGEID# 368-69.[3] He offers

---

[3] "Defendants [acted] maliciously against the Plaintiff [and] caused him pain for over six years in failing to treat him. Why else was Plaintiff making health care request to the dentist, surely not for a hunger pain, but for teeth pain and everyone knows how that feels. By failing to adequately treat the Plaintiff amounts to deliberate lack of dental care. Plaintiff was even

no evidence, either professional or lay, that the treatment offered by defendant Finney, but refused by plaintiff, was "so woefully inadequate as to amount to no treatment at all." *See Westlake v. Lucas*, 537 F.2d at 860 n.5.

The record in this action clearly reflects a dispute over the course of appropriate dental care, which is of course not actionable under 42 U.S.C. § 1983. *See Young v. Gray*, 560 F.2d 201. Under these circumstances, the Court concludes that defendant Finney is likewise entitled to summary judgment.[4]

It is therefore **RECOMMENDED** that defendants' *Motion for Summary Judgment*, ECF No. 62, be granted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to

---

scheduled for a pain clinic that was canceled. Why else would the Plaintiff be scheduled for this clinic if it were not for pain, only to be denied treatment?"

[4] The *Motion for Summary Judgment* raises a number of other issues. However, because the Court concludes that plaintiff's claims fail on the merits, the Court need not and does not consider the remaining issues addressed in the motion.

the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

May 3, 2016  *s/Norah McCann King*
Norah M<sup>c</sup>Cann King
United States Magistrate Judge