UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kermit Gabel,

    Plaintiff,

v.

Stuart Hudson, *et al.*,

    Defendants.

Case No. 2:14–cv–1057

Judge Michael H. Watson

## OPINION AND ORDER

Kermit Gabel ("Plaintiff"), a former state inmate proceeding *pro se*, objects to the Magistrate Judge's Report and Recommendation ("R&R") recommending the Court grant Defendants' motion for summary judgment. Obj., ECF No. 78. For the following reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, and **GRANTS** Defendant's motion.

### I.    BACKGROUND

The basis for Plaintiff's claim rests on two maladies that afflicted Plaintiff during his incarceration. First, Plaintiff suffered from degenerative bone disease in his spine and both hips, which caused him pain. Plaintiff claims Defendant Stuart Hudson ("Hudson"), Chief of the Ohio Department of Rehabilitation and Correction ("ODRC") Office of Correctional Healthcare, was deliberately indifferent to pain caused by this ailment. Second, Plaintiff's dental filling fell out, which also caused him pain. Plaintiff claims Defendant Miles Finney ("Dr. Finney") was deliberately indifferent to the pain caused by his dental issues.

For pain treatment related to his bone disease, Plaintiff received an epidural steroid injunction from doctors at The Ohio State University Medical Center. Hudson was the ODRC decision maker regarding this doctor visit. Plaintiff was scheduled for a return visit on April 1, 2011. However, following this initial visit, Plaintiff's case was reviewed by advanced level providers at his correctional institution and at the ODRC Bureau of Medical Services. Eddy Aff. ¶¶ 5, 6, ECF No. 62-11. The advanced level providers cancelled Plaintiff's return visit. *Id.* ¶ 6. Plaintiff complained and continued to seek additional pain management without success.

For his dental issues, Plaintiff met with Dr. Finney on November 22, 2010, at which time Dr. Finney recommended the removal of Defendant's #23 tooth. Dr. Finney made this recommendation for medical reasons and because it adhered to ODRC policy. Finney Aff. ¶¶ 6, 8, ECF No. 62-10. Plaintiff refused treatment but claims that he requested pain management and was denied relief.

Plaintiff filed suit, alleging that Hudson and Dr. Finney were deliberately indifferent to his medical needs in violation of his Constitutional rights. Defendants moved for summary judgment on Plaintiff's claims arguing that they were time-barred, waived by his prior filing in the Ohio Court of Claims, and lacked merit. They also argued that they were entitled to qualified immunity.

## II. STANDARD OF REVIEW

The Magistrate Judge issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any

part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

## III. ANALYSIS

The Magistrate Judge recommends granting Defendants' motion for the following reasons. As for Plaintiff's claim against Hudson, Hudson did not refuse Defendant medical treatment; rather, the advanced level providers made the decision to cancel Plaintiff's return visit. Since Hudson was not the decision maker as to Plaintiff's medical needs, Hudson could not have possessed the requisite culpable state of mind. As for Plaintiff's claim against Dr. Finney, Plaintiff, not Dr. Finney decided to discontinue treatment, and any later complaints of pain by Plaintiff were never relayed to Dr. Finney. Thus, the Magistrate Judge concluded that the record did not support a claim that treatment provided by Dr. Finney was "so woefully inadequate as to amount to no treatment at all." R&R 9, ECF No. 77 (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

On objection, Plaintiff argues that the Magistrate Judge erred in his recommendation as to the disposition of the claims against Hudson and Dr. Finney. Plaintiff avers that the evidence shows that he has been in pain for years and that he never received any treatment. He claims that Hudson had authority *over* the advanced level providers. He appears to claim that he sufficiently

alleged a claim against Dr. Finney because the record demonstrates that he received treatment after his Dr. Finney visit in November 2010.

In response, Defendants argue that sworn affidavits support their position that Plaintiff fails to state claims against Hudson and Dr. Finney.

Plaintiff sues Defendants under 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment right to be free from cruel and unusual punishment. Here, to establish an Eighth Amendment claim, Plaintiff must show that Defendants acted with "deliberate indifference" to his serious medical needs. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).

> The test to determine whether the [prison] officials acted with deliberate indifference has both an objective and subjective component. The objective component requires an inmate to show that the alleged deprivation is sufficiently serious and that he is incarcerated under conditions posing a substantial risk of serious harm. To satisfy the subjective component, an inmate must show that prison officials had a sufficiently culpable state of mind.

*Davis v. Powell*, 110 F. App'x 660, 661–62 (6th Cir. 2004) (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)) (internal quotation marks omitted).

The Court does not find Plaintiff's arguments well taken. Specifically, Plaintiff fails to satisfy the subjective element of this test, in that he fails to show that either Hudson or Dr. Finney "[knew] of and [disregarded] an excessive risk to inmate health or safety." *Id.* (quoting *Brown*, 207 F.3d at 867).

Despite Plaintiff's contentions otherwise, the record shows that Hudson did not make the decision to discontinue Plaintiff's pain treatment. Eddy Aff. ¶¶ 5–6, ECF No. 62-11 (providing sworn testimony from Hudson's supervisor that

Hudson did not make the decision to cancel Plaintiff's follow-up pain treatment appointment). He, therefore, could not have been deliberately indifferent to Plaintiff's medical needs. *See Flanory v. Bonn*, 604 F.3d 249, 253–54 (6th Cir. 2010) ("The subjective component requires a showing that [the] prison official[ ] knew of, and acted with deliberate indifference . . . ."). Thus, a claim against *Hudson* on this basis cannot stand. Nevertheless, Plaintiff did receive pain treatment (an epidural steroid injection treatment) but was not cleared for advanced care. *See* Eddy Aff. ¶ 6, ECF No. 62-11; *Davis*, 110 F. App'x at 662 ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law.") (quoting *Graham ex rel. Estate of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 385) (6th Cir. 2004) (internal quotation marks omitted).

Plaintiff's claim against Dr. Finney also fails. First, Plaintiff refused care from Dr. Finney, not the other way around. Plaintiff submits that the fact he received additional care, although not the care he requested, meant that Dr. Finney was deliberately indifferent to his complaints of pain. This fact contradicts his position that the prison (or Dr. Finney) was deliberately indifferent to his medical needs. Plainly stated, Plaintiff received treatment. *See Davis*, 110 F. App'x at 662 (finding that a prisoner's substantial dental treatment and subsequent diagnosis would not be second-guessed by the Court without evidence submitted that disputes the diagnosis). Further, the record indicates

that he did not complain about pain after his November 2010 visit with Dr. Finney until April 2011 when he visited a *different* dentist. Dental R., ECF No. 62-8 at PAGEID # 297. Thus, without any knowledge of Plaintiff's continued pain, Dr. Finney could not have been deliberately indifferent to Plaintiff's complaints.

In sum, the Court finds Plaintiff fails to state a claim against Defendants because he has failed to produce any evidence to meet the subjective component of the "deliberate indifference" test and that the Magistrate Judge did not err in so finding.

In so doing, the Court need not address the alternate arguments raised by the Defendants in their motion to dismiss.

## IV. CONCLUSION

The Court **OVERRULES** Plaintiff's objections, ECF No. 77, **ADOPTS** the Magistrate Judge's R&R, ECF No. 77, and **DIMISSES** this case.

The Clerk shall enter final judgment and terminate the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**